{¶ 1} Plaintiff-appellant, Terri L. Giles, appeals from a decision of the Columbiana County Common Pleas Court rendering summary judgment in favor of defendant-appellee, Cincinnati Insurance Companies.
 {¶ 2} On May 28, 1999, appellant was injured when Tammy Simonds' vehicle rear-ended appellant's vehicle. On May 23, 2001, appellant filed a complaint against Simonds, Calcutta Nursing Home "(Calcutta"), and appellee. Calcutta employed appellant; however, appellant was not in the course of her employment at the time of the accident. Calcutta was insured by two policies with appellee, a business auto coverage policy and a professional umbrella policy. Appellant alleged she was entitled to underinsured motorist ("UIM") coverage under these policies. By agreement, the parties later dismissed Simonds from the lawsuit.
 {¶ 3} On December 31, 2001, appellee filed a summary judgment motion. On January 31, 2002, the trial court awarded summary judgment to appellee, finding that appellant was not entitled to UIM benefits under the policies. Appellant filed a notice of appeal from this judgment on February 26, 2002. However, this court dismissed the appeal for lack of a final appealable order. Appellant subsequently dismissed her claim against Calcutta on March 21, 2002. The same day the trial court re-entered summary judgment for appellee, this time noting there was no just reason for delay. Appellant refiled her notice of appeal on March 29, 2002.
 {¶ 4} Appellant now raises two assignments of error, the first of which states:
 {¶ 5} "The Trial Court Prejudicially Erred When It Ruled That Although The Plaintiff Was Driving Her Own Vehicle And Was Not A Named Insured, The `other Owned Vehicle' Exclusion Excluded Coverage For Her Injuries."
 {¶ 6} The trial court determined that appellant was not entitled to coverage under the umbrella policy and awarded appellee summary judgment on this claim. However, appellant did not oppose that motion in the trial court, nor does she raise any issue with regard to the umbrella policy in this appeal.
 {¶ 7} The court found the auto policy's C.5 exclusion operated to exclude coverage for appellant. The C.5 exclusion provides that the insurance does not provide coverage when an insured is "operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy."
 {¶ 8} Appellant argues the trial court erred in its determination that this exclusion precluded her from UIM coverage. She contends that in order for the C.5 exclusion to bar her from coverage, she would have had to have been operating or occupying a vehicle owned by, furnished to, or available for the regular use of a "named insured." Appellant asserts that since the trial court found that she was driving her own vehicle and was not a named insured, the C.5 exclusion is not applicable to her. She contends she is an "insured" but not a "named insured" under the policy.
 {¶ 9} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. American Indus. Resources Corp. (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Flemming (1994),68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc.
(1995), 104 Ohio App.3d 598, 603, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 247-248.
 {¶ 10} In the present case, the trial court found the following. The auto policy contains an exclusion from UM/UIM coverage for bodily injury sustained by an insured if the insured was operating a motor vehicle owned by a named insured that was not specifically identified in the policy. Appellant was operating her own vehicle at the time of the accident. Appellant was not a named insured in the policy and her vehicle was not specifically identified in the policy. Thus, the C.5 exclusion precluded appellant from coverage.
 {¶ 11} We must determine whether the C.5 exclusion operates to deny appellant UIM coverage. The C.5 exclusion provides that the insurance does not apply to:
 {¶ 12} "`Bodily injury' sustained by an `insured' while the `insured' is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided."
 {¶ 13} Appellant does not deny that she was driving her own vehicle at the time of the accident. (Appellant's brief, p. 3). Thus, if she is a "named insured" under the policy, the C.5 exclusion will operate to bar her from coverage if her vehicle is not specifically identified in the policy.
 {¶ 14} Appellant contends that since the trial court found she was not a named insured and she has not raised issue with this finding on appeal, appellee may not assert she is a named insured nor may this court consider whether she is a named insured. What appellant fails to consider however, is that this court reviews the trial court's decision de novo. Thus, we are free to examine whether appellant is a named insured under the policy.
 {¶ 15} The policy defines who is an insured for UIM coverage. It provides, in pertinent part:
 {¶ 16} "Who is an insured
 {¶ 17} "1. You.
 {¶ 18} "2. If you are an individual, any `family member'."
 {¶ 19} The policy states that the words "you" and "your" refer to the named insured shown in the declarations. On the declarations page the policy identifies the named insured as, "CALCUTTA NURSING HOME, INC., PNP, INC., TOM-NOR, INC., DBA CALCUTTA HEALTH CARE CENTER." Thus, Calcutta is the named insured. However, "naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 664. Thus, as Calcutta's employee, appellant is an insured. In other words, appellant qualifies as "you" under the terms of the policy; therefore, she is an insured. Appellant however, is not a named insured since she is not identified on the declarations page. Appellant gets her status as an insured via Scott-Pontzer, not by having her name listed on the declarations page.
 {¶ 20} The C.5 exclusions lends further support to our conclusion. Within the exclusion, the drafters chose to use both terms, "insured" and "named insured." Had the drafters intended the exclusion to apply to injuries sustained by an "insured" while operating/occupying an auto owned by, furnished to, or available for the regular use of an "insured," they could have easily used the same term, "insured," throughout the exclusion. Instead, they chose to use two different terms. By using two different terms, the drafters created an ambiguity whereby the exclusion appears to apply to the class of insureds, not to the class of vehicles.
 {¶ 21} The terms "insured" and "named insured" have two separate and distinct definitions. While this may not be true in terms of coverage, it is accurate when reviewing the policy as a whole. For instance, generally the named insured listed on the declarations has the right to renew the policy, determine whether to reject or purchase uninsured/underinsured motorist coverage, and agree to changes in the policy. The named insured is the owner of the policy. The insured employees do not have the same powers. Thus, the "named insured" corporation is not always identical to the "insured" employees.
 {¶ 22} Since appellant is an insured and not a named insured, the C.5 exclusion is inapplicable to her. The C.5 exclusion excludes coverage when an insured "is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy." The parties do not dispute that appellant was operating her own vehicle when she was involved in the accident. Since appellant is not a named insured, her vehicle is not one that is owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured. Thus, she does not fall under the C.5 exclusion.
 {¶ 23} Both the Second and Sixth Appellate Districts recently addressed the applicability of the identical C.5 exclusion. In Purvis v.Cincinnati Ins. Co., 2d Dist. No. 2001-CA-104, 2002-Ohio-1803, Linda and Dennis Purvis, the plaintiffs/insureds, appealed a summary judgment in favor of Cincinnati Insurance Company (CIC), the defendant/insurer. CIC issued automobile liability and umbrella policies to Dennis's employer, Reddy Electric. The trial court determined that while the Purvises were insureds under Reddy's automobile policy, the other owned auto exclusion precluded them from coverage. The policy defined "insured" for UIM purposes in pertinent part as:
 {¶ 24} "(1) You.
 {¶ 25} "(2) If you are an individual, any `family member'."
 {¶ 26} The policy also stated that "you" and "your" referred to the named insured shown in the declarations. The named insured was Reddy Electric. The court determined the Purvises were insureds. It went on to address CIC's argument regarding the C5 "other owned vehicle" exclusion. The C5 exclusion was identical to the C.5 exclusion in the present case. As in the present case, CIC argued that the "named insured" provision included the Purvises. Thus, even though the Purvises were insureds, coverage was excluded because the motorcycle they were operating was not specifically identified in the policy. The Purvises alleged that although they were insured, they were not named insureds based on Scott-Pontzer's
requirement for the court to construe ambiguities against the drafter and the Ohio Supreme Court's inclination to find insurance coverage exists. Considering these arguments, the court reasoned:
 {¶ 27} "Here, the policy defines `you' as the `named insured' — that is, Reddy Electric. Although CIC would like us to broadenScott-Pontzer's holding to correct its policy deficiency by concluding that the `named insured' must include employees, we cannot. If there is an ambiguity in the policy, Scott-Pontzer requires us to construe the policy more strictly, not more broadly, in determining who is a named insured for purposes of the C5 exclusion. The Purvises are insureds, but they are not `named insureds.' Because they were not riding a motor vehicle available for the regular use of a named insured, the C5 exclusion does not apply." Id. at ¶ 36.
 {¶ 28} Accordingly, the court found the trial court erred in granting judgment to CIC instead of the Purvises.
 {¶ 29} Similarly, in Kasson v. Goodman, 6th Dist. No. L-01-1432, 2002-Ohio-3022, the court found in favor of the plaintiffs upon examining the same C.5 exclusion. In Kasson, Sharon Kasson and her daughter were injured when another vehicle negligently struck their vehicle. Kasson sought UIM coverage under her employer's business auto and umbrella policies. Upon a motion for summary judgment, the trial court found that Kasson and her daughter were entitled to UIM coverage. CIC appealed arguing, among other things, that the C.5 exclusion precluded coverage. As in Purvis, the pertinent provisions of the policy defining who is an insured included "You" and "If you are an individual, any `family member.'" Additionally, the policy defined "you" and "your" as the "named insured" listed in the declarations. The named insured listed in the declarations was "MANOR HOMES, INC., MCCLELLAN MANAGEMENT CO., INC. /OR WILLIAM J. MCCLELLAN JOSHUA MCCLELLAN."
 {¶ 30} CIC took issue with the trial court's finding that while Kasson and her daughter were "insureds" based upon the ambiguity in the declarations page, they were not "named insureds" for purposes of the C.5 exclusion. The court found CIC's claim to be without merit and affirmed the trial court's decision. It reasoned:
 {¶ 31} "Scott-Pontzer's holding states that if there is an ambiguity in the policy, the policy must be construed strictly against the insurer and liberally in favor of the insured. Scott-Pontzer at 664. The policy defines `you' as the `named insured' listed in the declarations. Because we have found `you' to be ambiguous as it pertains to the corporate named insureds, we, according to Scott-Pontzer, must construe who is a `named insured' more strictly. Thus, we find that while appellees are insureds under the auto policy, they are not `named insureds' and the C5 exclusion does not apply." Id. at ¶ 44.
 {¶ 32} These courts concluded that the C.5 exclusion did not operate to bar coverage for the plaintiffs/insureds. We find their reasoning persuasive. Accordingly, appellant's first assignment of error has merit.
 {¶ 33} Appellant's second assignment of error states:
 {¶ 34} "The Trial Court Prejudicially Erred In Holding The Plaintiff's Vehicle, Was Not Specifically Identified In The Policy."
 {¶ 35} Appellant argues the court incorrectly found that her vehicle was not identified in the policy. She makes this argument in an attempt to demonstrate that the C.5 exclusion does not preclude her from coverage. Since the C.5 exclusion does not apply to appellant, her second assignment of error is moot.
 {¶ 36} For the reasons stated above, the trial court's decision is hereby reversed and remanded for further proceedings according to law and consistent with this opinion.
Waite, J., concurs; see concurring opinion.
DeGenaro, J., concurs.